WILLOUGHBY LATHEM, Appellant, v. THAIS LATHEM, Respondent.— In an action to impress a trust upon real property, plaintiff appeals from so much of an order of the Supreme Court, Kings County, dated February 26, 1973, as (1) in denying defendant's motion to dismiss the complaint because of plaintiff's failure to appear for pretrial examination, did so on condition that plaintiff appear for examination on a stated date and (2) denied his cross motion for various relief with respect to pretrial examination of both parties. Order modified by (1) striking from the first decretal paragraph thereof everything after the verbiage that defendant's motion "is denied upon condition" and substituting therefor the following: "that plaintiff shall submit to examination before trial at Special Term, Part II, Kings County, the next time he visits New York, of which visit he shall give defendant at least 10 days' prior notice, or, in the absence of his examination upon such a visit, that he shall appear for examination at said place at least two weeks before trial"; and (2) adding to the second decretal paragraph thereof, which denied plaintiff's cross motion, the following: "except that it is granted to the extent that (a) plaintiff may serve and file a note of issue for trial of the action, reserving, however, the parties' rights to conduct pretrial disclosure, and (b) that defendant shall submit to pretrial examination by plaintiff immediately after conclusion of the latter's examination." As so modified, order affirmed insofar as appealed from, without costs. In our opinion, the examination before trial of this nonresident plaintiff may properly await the eve of trial, in the absence of any showing of an urgent present need for the examination (*Marine Midland Nat. Bank of Troy* v. *Houston*, 30 A D 2d 610; *Robinson* v. *Wildenstein & Co.*, 23 A D 2d 740). Of course, if plaintiff, who is presently residing in Switzerland, shall have occasion to come to New York sooner, he should be examined at that time and he should give defendant at least 10 days' prior notice of such visit. Furthermore, since plaintiff is entitled to examine defendant as an adverse party, we believe that pretrial procedures may be further expedited by requiring defend-

ant to submit to examination immediately after the conclusion of plaintiff's examination. Munder, Acting P. J., Martuscello, Latham, Gulotta and Benjamin, JJ., concur.